# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| CORY MADARIS,<br>Petitioner, | Case No. 1:11-cv-360 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| WARDEN, MADISON<br>CORRECTIONAL INSTITUTION,<br>Respondent. | **REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Madison Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on the petition, respondent's return of writ, and petitioner's traverse. (Docs. 3, 6, 10).

## I. PROCEDURAL HISTORY

### State Trial and Appellate Court Proceedings

On September 13, 2002, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with two counts of Robbery, in violation of Ohio Rev. Code § 2911.02(A)(2), and one count of Aggravated Robbery, in violation of Ohio Rev. Code § 2911.01(A)(1), with a firearm specification. (Doc. 6, Ex. 1). After initially entering a not guilty plea, petitioner withdrew his plea and entered a plea of no contest to the charges set forth in the indictment. (Doc. 6, Ex. 2). On February 27, 2003, petitioner was sentenced to ten years imprisonment for the Aggravated Robbery conviction, three years imprisonment for the firearm specification, and three years imprisonment for the two Robbery convictions, with the terms of imprisonment to be served consecutively for a total of 18 years imprisonment. (Doc. 6, Ex. 6).

On March 17, 2003, petitioner, through counsel, filed a notice of appeal to the First

District Ohio Court of Appeals. (Doc. 6, Ex. 7). Petitioner raised two assignments of error:

1. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY ACCEPTING GUILTY PLEAS WITHOUT FULLY INFORMING HIM OF HIS RIGHT TO CONFRONT HIS ACCUSERS PURSUANT TO THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND RIGHT AGAINST SELF-INCRIMINATION PURSUANT TO FIFTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

2. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY IMPOSING A SENTENCE ON COUNTS TWO AND THREE IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO AND THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION.

(Doc. 6, Ex. 8). On February 13, 2004, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 6, Ex. 12).

## Ohio Supreme Court

On April 1, 2004, petitioner, through counsel, filed a notice of appeal in the Supreme Court of Ohio. (Doc. 6, Ex. 13). On June 9, 2004, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 6, Ex. 14).

## Post-Conviction Motions

On November 2, 2006, petitioner filed a pro se motion to correct unlawful sentence. (Doc. 6, Ex. 15). Therein, petitioner argued that his sentence exceeded the maximum permissible sentence. According to petitioner, he could only be sentenced to a maximum total prison term of six years: three years for the Aggravated Robbery and Robbery convictions, to be served consecutively with the three year sentence for the firearm specification. *Id.* at 2. On

2

November 7, 2006, the Hamilton County Court of Common Pleas denied petitioner's motion. (Doc. 6, Ex. 16).

On May 9, 2007, petitioner filed a pro se motion for leave to file a delayed appeal in the Ohio Court of Appeals. (Doc. 6, Ex. 19). Petitioner's motion was denied on May 31, 2007. (Doc. 6, Ex. 21).

On June 14, 2007, petitioner filed a pro se notice of appeal in the Ohio Supreme Court. (Doc. 6, Ex. 22). In his memorandum in support of jurisdiction, petitioner raised two propositions of law:

1. Reasonable notice of a final order is required to be given to parties by the deciding court to protect the parties' right to appeal which is a property interest that may not be denied without due process of law.

2. A sentence in a criminal case may not be enhanced beyond the statutory maximum based upon judicial fact finding of facts (sic) not alleged in the charging instrument or proven beyond a reasonable doubt, and such a sentence is void.

(Doc. 6, Ex. 23). The Ohio Supreme Court dismissed petitioner's appeal on October 3, 2007. (Doc. 6, Ex. 24).

### Resentencing

On March 3, 2010, petitioner appeared before the Ohio trial court for resentencing in compliance with *State v. Jordan*, 817 N.E. 2d 864 (Ohio 2004), which required that the mandatory nature of post-release control be incorporated into the journal entry imposing petitioner's sentence. In addition to the incorporation of post-release control in the sentencing entry, petitioner was resentenced to a total aggregate sentence of eighteen years in prison. He again received ten years for the Aggravated Robbery conviction, plus three years for the firearm specification. However, for the two counts of Robbery, petitioner was sentenced to eight and

3

seven years respectively, with the terms to run consecutively with each other, but concurrently with the ten-year Aggravated Robbery sentence.

Through counsel, petitioner filed a notice of appeal from the trial court's resentencing. (Doc. 6, Ex. 26). Petitioner raised two assignments of error:

1. THE TRIAL COURT ERRED IN IMPOSING SENTENCES UPON THE DEFENDANT-APPELLANT FOR SEPARATE COUNTS OF THE INDICTMENT WHICH CONSTITUTED ALLIED OFFENSES OF SIMILAR IMPORT.

2. THE DEFENDANT-APPELLANT WAS GIVEN AN UNLAWFUL SENTENCE UNDER *STATE V. FOSTER*.

(Doc. 6, Ex. 27). On December 10, 2010, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 6, Ex. 28).

Petitioner filed a pro se notice of appeal in the Ohio Supreme Court on January 10, 2011. (Doc. 6, Ex. 29). In the memorandum in support of jurisdiction, petitioner raised two propositions of law:

1. The Court erred in imposing sentences upon the Defendant-Appellant for separate counts of the indictment which constituted allied offenses of similar import pursuant to R.C. § 2941.25.

2. The Defendant-Appellant was given an unlawful sentence under *State v. Foster* where a defendant has no prior felonies, he should receive the minimum concurrent sentence under *State v. Foster*.

(Doc. 6, Ex. 30, pp. 7, 9). On March 16, 2011, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (Doc. 6, Ex. 32).

### Federal Habeas Corpus

Petitioner commenced the instant federal habeas corpus action on June 28, 2011. (Doc. 3). Petitioner raises one ground for relief in his petition:

4

> GROUND ONE: Petitioner's right to be free from double jeopardy was violated when the state court punished him twice for the same offense, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.
>
> Supporting Facts: Petitioner plead (sic) no contest to robbing Cashland with a firearm. For this single act, Petitioner was convicted of aggravated robbery and two (2) counts of robbery. The state court sentenced Petitioner to multiple punishments for the same offense when the state court imposed maximum consecutive sentence[s] for the aggravated robbery, the gun spec[]ification, and eight (8) years for count two (2) robbery, seven (7) years for count three (3) robbery, count two and three are concurrent to each other for a total of 18 years.

(Doc. 3, p. 4).

Respondent opposes the petition. In the return of writ, respondent contends that petitioner's single ground for relief is time-barred and without merit.[1] (Doc. 6).

## II. THE PETITION SHOULD BE DENIED BECAUSE PETITIONER'S SINGLE GROUND FOR RELIEF IS WITHOUT MERIT.

In this federal habeas case, the applicable standard of review governing the adjudication of petitioner's double jeopardy claim, which was considered and rejected by the First District Ohio Court of Appeals, is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state court unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

---

[1] Because the Court determines that petitioner's single ground for relief is without merit, it need not determine whether the petition is time barred.

5

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)), *cert. denied,* 132 S.Ct. 1743 (2012). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599-600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600. As the Sixth Circuit recently explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves

6

authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 131 S.Ct. at 786. In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

The Supreme Court has clarified that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, __ U.S. __, 132 S.Ct. 38, 44-45 (2011); *cf. Otte*, 654 F.3d at 600 (citing *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). In *Greene*, the Supreme Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. __, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at __, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.'" Id.*, at __, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade*, 538 U.S. [at] 71-72 . . .; emphasis added).

*Greene*, 132 S.Ct. at 44.

7

Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010), *cert. denied*, 132 S.Ct. 127 (2011)). The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins*, 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams*, 529 U.S. at 412).

In the instant case, the Ohio Court of Appeals addressed the merits of petitioner's double jeopardy claim on direct appeal and dismissed the assignment of error as follows:

> {¶19} In his second assignment of error, Madaris contends that the multiple punishments imposed by the trial court for offenses arising out of a single incident violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We have held, under the test requiring comparison of the statutory elements of the offenses in the abstract promulgated in *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, paragraph one of the syllabus, that aggravated robbery with a deadly weapon in violation of R.C. 2911.01(A)(1) and robbery in violation of R.C. 2911.02(A)(2) are not allied offenses of similar import and are not subject to merger, because each offense requires proof of an element that the other does not. See *State v. Berry* (Apr. 14, 2000), 1st Dist. Nos. C-990354 and C-990365; see also *State v. Palmer*, 148 Ohio App.3d 246, 2002-Ohio-3536, 772 N.E.2d 726, at ¶9-15.
>
> {¶20} Additionally, each of the counts in the indictment against Madaris involved a different victim. In *State v. Rance*, 85 Ohio St.3d at 635, 199-Ohio-291, 710 N.E.2d 699, the supreme court said, "A legislature, however, may prescribe the imposition of cumulative punishments for crimes that constitute the same offense under *Blockburger* without violating the federal protection against double jeopardy or corresponding provisions of a state's constitution." (Citations omitted.)
>
> {¶21} In *State v. Jones* (1985), 18 Ohio St.3d 116, 480 N.E.2d 408, the supreme court held that multiple punishments for separate deaths in a single automobile

accident did not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions because the language of the vehicular homicide statute, "causing the death of another," manifested an intent by the legislature to authorize cumulative punishments for each person killed by the defendant's reckless operation of a vehicle.

{¶22} Similarly, in defining the offense of robbery, the legislature intended to authorize separate offenses for separate victims of the robbery by the language in R.C. 2911.02(A)(2), which reads, "Inflict, attempt to inflict, or threaten to inflict physical harm to another." Because the General Assembly intended to authorize cumulative punishments for each person robbed, the offenses in the two robbery counts of Madaris's indictment, which were separately committed upon separate victims, permitted cumulative punishments for the two robberies under R.C. 2941.25(A). The second assignment of error is overruled.

(Doc. 6, Ex. 12). On appeal from petitioner's resentencing, the Ohio appellate court also dismissed his claim:

In his first assignment of error, Madaris contends that the trial court erred by convicting him of allied offenses of similar import. Madaris argues that the aggravated robbery and both robberies were allied offenses of similar import.

After reviewing the record, we are unpersuaded. Although the crimes occurred simultaneously, each crime involved a different victim. Accordingly, we hold that the trial court did not err in convicting and sentencing Madaris for aggravated robbery and both counts of robbery.[4] The first assignment of error is overruled.

[4] R.C. 2941.25(B).

(Doc. 6, Ex. 28, p. 1-2).

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Constit. amend. V. This guarantee against double jeopardy, made applicable to the states through the Fourteenth Amendment, *Benton v. Maryland,* 395 U.S. 784, 794 (1969), among other things, protects against "multiple punishments for the same offense" imposed in a single proceeding. *Missouri v. Hunter,* 459 U.S. 359, 366 (1983) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)).

9

In the "multiple punishment" context, the protection is limited to ensuring that "sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." *Jones v. Thomas,* 491 U.S. 376, 381 (1989); *see also Ohio v. Johnson,* 467 U.S. 493, 499 (1984); *Brown v. Ohio,* 432 U.S. 161, 165 (1977). Therefore, "the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Johnson,* 467 U.S. at 499; *see also Palmer v. Haviland,* 273 F. App'x 480, 484 (6th Cir. 2008) (unlike other double jeopardy protections prohibiting re-prosecution for the same offense, "the multiple-punishments category of double jeopardy is primarily one of legislative intent").

In the federal courts, the test established in *Blockburger v. United States,* 284 U.S. 299, 304 (1932), is normally used to determine whether two offenses are sufficiently different to allow the imposition of cumulative punishment. *Johnson,* 467 U.S. at 499 n.8; *see also Brown,* 432 U.S. at 166. However, the *Blockburger* test, a rule of statutory construction for federal statutes, does not necessarily control the inquiry into the intent of a state legislature. *Johnson,* 467 U.S. at 499 n.8; *Banner v. Davis,* 886 F.2d 777, 780-82 (6th Cir. 1989).

Instead, when assessing the intent of a state legislature, the federal courts must defer to and are bound by the state courts' construction of their own statutes. *Hunter,* 459 U.S. at 368 (citing *O'Brien v. Skinner,* 414 U.S. 524, 531 (1974)); *see also Johnson,* 467 U.S. at 499; *Brown,* 432 U.S. at 167; *Banner,* 886 F.2d at 780; *Palmer,* 273 F. App'x at 486 (on federal habeas review, "[w]e cannot independently apply typical rules of statutory construction, including the *Blockburger* test, to a state statute and conclude that the state courts were wrong in their reading

of legislative intent"). A state legislature may create substantive crimes and punishments that overlap to some degree without violating the Double Jeopardy Clause. Therefore, "[e]ven if the crimes are the same under *Blockburger,* if it is evident that a state legislature intended to authorize cumulative punishments [for them, the federal] court's inquiry is at an end." *Johnson,* 467 U.S. at 499 n.8.

In Ohio, the legislature's intent in the multiple punishment area may be discerned from Ohio Rev. Code § 2941.25. *See State v. Johnson,* 942 N.E.2d 1061, 1064 (Ohio 2010). The statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

The Ohio Supreme Court has held that the proper analysis under this provision involves two questions. Under § 2941.25(A), "the question is whether it is possible to commit one offense *and* commit the other with the same conduct." *Johnson,* 942 N.E.2d at 1070 (emphasis in original). If so, "then the court must determine whether the offenses were committed by the same conduct, i.e., a single act, committed with a single state of mind." *Id.* (internal quotation marks and citation omitted). If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id.* However, if it is determined "that the commission of one offense will *never* result in the commission of the other, or if the offenses are

11

committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2951.25(B), the offenses will not merge." *Id.* (emphasis in original).

In the instant case, petitioner contends that his aggravated robbery and robbery convictions should have been merged at sentencing because they were allied offenses of similar import against a single victim. He argues that the victim of his convictions was Cashland alone, noting that his actions included "no robbery of a different person, of Dulana Young who is the person in the second count, or Ms. Hicks, the person in the third count. The individuals were added on because of the gun, but it's the same company that was robbed." (Doc. 10, p. 8). Petitioner contends that because there was only one victim, his convictions should have been merged at sentencing. *Id.* at 7. The undersigned disagrees and determines that the state court's decision was neither contrary to nor an unreasonable application clearly established law as determined by the Supreme Court.

In this case, the Ohio Court of Appeals examined on two occasions whether the multiple punishments imposed on petitioner from convictions stemming from a single incident violated the Double Jeopardy Clause of the U.S. Constitution. (Doc. 6, Exs. 12, 28). The court of appeals, applying then-controlling Ohio Supreme Court precedent,[2] recognized that "[a] legislature . . . may prescribe the imposition of cumulative punishments for crimes that constitute the same offense under *Blockburger* without violation the federal protection against double jeopardy. . . ." (Doc. 6, Ex. 12). The Ohio Court of Appeals thus recognized and applied the "clearly established" United States Supreme Court precedent applicable to petitioner's constitutional claim.

12

In determining whether the state court's decision involved an unreasonable application of clearly established Federal law, the Court notes that *Blockburger* and its progeny establish that the question of "multiple" punishments is one of legislative intent. *Johnson*, 467 U.S. at 499. A court may not impose multiple punishments for activity the legislature intended to punish only once. *See Palmer*, 273 F. App'x at 484 (citing *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."); *Brown v. Ohio*, 432 U.S. 161, 165 (1977) ("Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense."). Where the state courts have assessed the intent of the state legislature, the federal courts are bound by the state courts' construction of their own statutes. *Hunter*, 459 U.S. at 368.

Consistent with *Blockburger*, the state appellate court in petitioner's case analyzed whether the state legislature intended to authorize separate offenses and separate punishments for separate victims of a robbery by examining the language of the robbery statute. (Doc. 6, Ex. 12). Finding that it did, the Ohio Court of Appeals concluded that the imposition of separate punishments for each victim of theft of the Cashland store did not violate petitioner's rights against Double Jeopardy. Because the state court "clearly answered the question of legislative intent," this federal court may not re-examine that issue. As explained by the Sixth Circuit in *Palmer*:

---

[2] *See State v. Rance*, 710 N.E.2d 699 (Ohio 1999).

> "For the purpose of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination." [*Banner v. Davis,*] 886 F.2d 777, 780 (6th Cir. 1989). We cannot independently apply typical rules of statutory construction, including the *Blockburger* test, to a state statute and conclude that the state courts were wrong in their reading of legislative intent. *McCloud v. Deppisch*, 409 F.3d 869, 875 (7th Cir. 2005) ("The state court's use of the Supreme Court's *Blockburger* test does not give a toehold into its examination of legislative intent. . . . [The *Blockburger* test] is not a constitutional test in and of itself. Rather, it is simply a means of evaluating legislative intent."). As long as the state court has concluded that the legislature intended cumulative punishment, this court is bound by that conclusion.

*Palmer,* 273 F. App'x at 486.

This federal court must defer to the state appellate court's conclusion that the state legislature intended to impose cumulative punishments for crimes involving different victims. "Whether the state court's reading was in some sense 'correct' [i]s beyond the federal court's 'purview as an interpretation of state law.'" *Palmer*, 273 F. App'x at 486 (citation omitted).

Nevertheless, petitioner argues that subsequent to his direct appeal, the Ohio Supreme Court held that aggravated robbery and robbery are allied offenses of similar import and a defendant cannot be convicted of both offenses when both are committed with the same animus against the same victim, citing *State v. Harris*, 911 N.E.2d 882 (Ohio 2009) (syll., ¶ 1). Consistent with his theory that there was only one victim in his case, *i.e.,* Cashland, petitioner argues his robbery and aggravated robbery convictions should have been merged at sentencing.

*Harris* is factually distinguishable from petitioner's case. In *Harris*, the defendant was charged with three counts of robbery and three counts of aggravated robbery after he stole money and belongings from three individuals at gunpoint. In assessing whether aggravated robbery and robbery are allied offenses of similar import, the Ohio Supreme Court reviewed its

14

decision in *State v. Winn*, 905 N.E.2d 154 (Ohio 2009), which held that aggravated robbery and kidnapping are allied offenses of similar import. In *Winn*, the Ohio Supreme Court reasoned that "[i]t is difficult to see how the presence of a weapon that has been shown or used, or whose possession has been made known to the victim during the commission of a theft offenses, does not also forcibly restrain the liberty of another." The *Harris* court determined that the same rationale applies to robbery and aggravated robbery and found that "[t]he possession of a deadly weapon, used, shown, brandished, or made known to the victim during a theft offense also constitutes a threat to inflict physical harm on that victim." 911 N.E.2d at 885. Therefore, the court held that "a defendant cannot be convicted of both offenses when both are committed *with the same animus against the same victim.*" *Id.* at 886 (emphasis added).

Unlike *Harris*, where the defendant was convicted of both aggravated robbery and robbery against each of three separate victims, here petitioner was convicted of a single count of aggravated robbery[3] against Cashland and one count of robbery[4] against each of two Cashland employees, Inese Hicks and Dulana Young. While petitioner argues that Cashland was the only victim and that all of the aggravated robbery and robbery convictions should have been merged, his argument ignores the conduct supporting the state court's conclusion that each crime involved a different victim. The record indicates that petitioner entered the Cashland station, pulled a gun on the teller victims and

---

[3] The aggravated robbery statute, Ohio Rev. Code § 2911.01(A)(1), prohibits displaying, brandishing, indicating possession of, or using a deadly weapon during the commission of a theft offense.

[4] The robbery statute, Ohio Rev. Code § 2911.02(A)(2), states that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall . . . [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."

15

threatened to kill them. The victim impact statements reflect that petitioner threatened to inflict physical harm on *each* of the tellers:

> I have the victim-impact statement of Inise Hicks, who we heard from here, and she points out in the statement she gave in writing that the defendant said, "Hurry up. I'm going to shoot you. I'm going to kill you. You're taking too long."
>
> \*
> \*
> \*
>
> We have a statement from Dulana Young, another teller, saying that was the second robbery she experienced.
>
> She said the defendant pulled a gun out, stuck it through the window, stuck it to her head, said, "Give me all the money or I'll blow your brains out. Hurry up or I'll kill you. I'll shoot you. Give me the money. Give me the money."

(Doc. 7, Transcript p. 19). Although the underlying theft offense was committed against Cashland, the robbery counts stemmed from petitioner's threats to inflict physical harm on each teller. Accordingly, the Ohio Court of Appeals reasonably determined that because the offenses involved different victims, the imposition of separate sentences for the aggravated robbery and robbery convictions did not violate petitioner's double jeopardy rights. (Doc. 6, Ex. 28, p. 1-2).

After review of the record in this case, the Court is not persuaded that the Ohio Court of Appeals' decision overruling petitioner's double jeopardy claim was contrary to or an unreasonable application of federal law. Petitioner has not shown "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing [Supreme Court precedent] beyond any possibility for fairminded disagreement." *Harrington v. Richter*, __U.S.__, 131 S.Ct. 770, 786–87 (2011). Accordingly, petitioner's double jeopardy claim is without merit.

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to habeas relief based on his sole ground for relief. Therefore, it is **RECOMMENDED** that petitioner's petition for a writ of habeas corpus (Doc. 3) be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the sole ground for relief alleged in the petition, which has been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor is the issue presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 10/22/12

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CORY MADARIS,
    Petitioner,

vs.

WARDEN, MADISON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:11-cv-360

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ✓  ☑ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Cory Madrais # 445-646<br>Madisonville Corr. Inst.<br>PO Box 740<br>London, Ohio 43140-0740 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9401 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540